IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT** |
| Coatesville Chicken, LLC d/b/a Popeyes Louisiana Kitchen, | ) ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Charging Parties Lula Wright-Hill and Leroy Keasley, and to other aggrieved individuals. As alleged with greater particularity in the paragraphs below, Defendant failed to hire Charging Parties and other applicants over the age of 40 because of their age.

JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c), 217.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

PARTIES

3.    Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), is the federal agency charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.    At all relevant times, Defendant, Coatesville Chicken, LLC, d/b/a Popeyes Louisiana Kitchen ("Defendant"), has continuously been incorporated in the Commonwealth of Pennsylvania, has continuously done business in the Commonwealth of Pennsylvania, in the city of Coatesville and the County of Chester, and has continuously had at least 20 employees.

5.    At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

CONCILIATION

6.    More than thirty days prior to the institution of this lawsuit, Charging Party Lula Wright-Hill filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging violations of the ADEA by Defendant.

7.    More than thirty days prior to the institution of this lawsuit, Charging Party Leroy Keasley filed a Charge of Discrimination with the Equal Employment Opportunity Commission alleging violations of the ADEA by Defendant.

8.    On July 10, 2015, the Commission issued to Defendant Letters of Determination finding reasonable cause to believe that Defendant had violated the ADEA and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.    The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letters of Determination.

10.    The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.    On August 13, 2015 the Commission issued to Defendant Notices of Failure of Conciliation.

12.    All conditions precedent to the initiation of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIM</u>

(Disparate Treatment Based on Age)

13.    The EEOC herein incorporates the allegations contained in all preceding paragraphs.

14.    On or around June and July 2014, Defendant engaged in unlawful employment practices at the Popeyes Louisiana Kitchen it operates in Coatesville, Pennsylvania, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), when it failed to hire Charging Parties Lula Wright Hill and Leroy Keasley on the basis of their ages. In particular:

a.    In June 2014, Charging Party Wright-Hill, then age 54, submitted an application for the position of cashier/cook with Defendant.

b.    Wright-Hill is a veteran who works with a vocational counselor assigned to her by the Department of Veterans Affairs. Her counselor has referred her and other veterans to Defendant for possible employment.

c.    During Wright-Hill's interview, Defendant's General Manager, Yousafi Khadim, asked her age. After Wright Hill disclosed her age, General Manager Khadim told her that she was too old to work for Defendant.

d.    Within a day of Wright-Hill's interview, General Manager Khadim called Wright-Hill's vocational counselor and told him that Wright-Hill was too old

for the position and that he should not "bring me older people. They don't work hard for me. They get tired easily."

    e.   Defendant Employer did not hire Wright-Hill.

    f.   In July 2014, Charging Party Keasley, then age 40, submitted an application for a shift manager position with Defendant.

    g.   During a telephone call with Keasley, General Manager Khadim asked him his age. After Keasley disclosed his age, General Manager Khadim told him that he was too old to work for Defendant.

    h.   Defendant did not hire Keasley.

15.   Defendant has similarly failed to hire other persons over the age of 40 because of their age, including but not limited to Kevin Bryant, in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1). In particular:

    a.   Bryant is a veteran who works with a vocational counselor assigned to him by the Department of Veterans Affairs. His counselor has referred him and other veterans to Defendant for possible employment.

    b.   In July or August 2014, Bryant, then age 58, submitted an application for employment as a cook with Defendant.

    c.   During a telephone call with Bryant, Defendant asked him his age. After Bryant complied, Defendant told him that they were not hiring.

    d.   Defendant did not hire Bryant.

16.   The effect of the practices complained of in paragraphs 14 and 15 has been to deprive Charging Parties Lula Wright-Hill and Leroy Keasley and a class of applicants over 40 of equal employment opportunities and to otherwise adversely affect their status as an employee, because of their age.

17.   The unlawful employment practices complained of in paragraphs 14 and 15 was willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.   Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older, and which eradicate the effects of its past and present unlawful age-based employment practices.

B.    Grant a judgment requiring Defendant to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Lula Wright-Hill and  Leroy Keasley.

C.   Grant a permanent injunction enjoining Defendant employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in unlawful hiring practices, and other disparate treatment, on the basis of age.

D.   Order Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to front pay of Lula Wright-Hill and Leroy Keasley.

E.   Grant such further relief as the Court deems necessary and proper in the public interest.

F.   Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.


Respectfully submitted,

P. DAVID LOPEZ
General Counsel


JAMES L. LEE
Deputy General Counsel


GWENDOLYN YOUNG REAMS
Associate General Counsel


DEBRA M. LAWRENCE
Regional Attorney

/s/ Maria Luisa Morocco_____
MARIA LUISA MOROCCO
Supervisory Trial Attorney

/s  Jennifer L. Hope_____
JENNIFER L .HOPE

Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2841
jennifer.hope@eeoc.gov