

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 15-5287 (PSD) |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Coatesville Chicken, LLC d/b/a Popeyes Louisiana Kitchen, | ) ) ) | |
| Defendant. | ) ) | |

FILED

JAN 20 2016

MICHAEL E. KUNZ, Clerk
By_____Dep Clerk

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission"), against Defendant, Coatesville Chicken, LLC d/b/a Popeyes Louisiana Kitchen ("Defendant" or "Coatesville Chicken"), alleging a violation of Section 4(a)(1) of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623(a)(1) ("ADEA"). The Commission alleged that Defendant violated the ADEA by failing to hire Charging Party Lula Wright-Hill ("Wright-Hill"), Charging Party Leroy Keasley ("Keasley") and other applicants over the age of 40, because of their age. The Defendant denies those allegations.

The EEOC and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in a Decree, that will resolve the EEOC's claims and promote and effectuate the purposes of the ADEA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADEA. Therefore, upon due consideration of the record herein, it is **ORDERED**:

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADEA action which emanated from the Charges of Discrimination filed by Wright-Hill and Keasley, Charge Nos. 530-2014-02905 and 530-2015-00168.

2. This Decree shall be in effect for a period of eighteen (18) months from the date it is entered by the Court. During that time, the Court shall retain jurisdiction over this matter and the parties for the purpose of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purpose of the Decree.

3. Defendant and its officers, servants, employees, successors, and assigns are hereby enjoined from violating the ADEA, and shall not discriminate against applicants and employees on the basis of age. Further, Defendant will not retaliate against any individual because he or she has opposed such discrimination, or because said individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation opposing such discrimination.

4. In full settlement of the damages alleged by the EEOC in this case, Defendant agrees to pay a total of $36,000.00. This amount will be paid in two (2) installments. The first installment shall be paid within 30 days from the date of entry of the Decree and the second installment shall be paid within 270 days from the date of entry of the Decree. The installments will be distributed as follows:

   a. Within thirty (30) days from the date of entry of the Decree, Defendant will distribute the first installment, of $18,000.00, as follows:

      i. $8,666.43 to Leroy Keasley. Defendant will overnight a check to Keasley at the address provided by EEOC counsel of record.

   ii. $3,508.21 to Lula Wright-Hill. Defendant will overnight a check to Wright-Hill at the address provided by EEOC counsel of record.

   iii. $5,825.36 to Kevin Bryant. Defendant will overnight a check to Bryant at the address provided by EEOC counsel of record.

   iv. Defendant shall administer proper withholdings from the above payments in Paragraphs 4(a)(ii)-(iii) (representing lost wages and monetary benefits) for taxes and required employee contributions under FICA and shall issue to Keasley, Wright-Hill and Bryant an Internal Revenue Service Form W-2 to reflect such payments.

b. Within two hundred and seventy (270) days from the date of entry of the Decree Defendant will distribute the second installment, of $18,000.00, made pursuant to 29 U.S.C. Section 626(b), as follows:

   i. $4,849.98 to Leroy Keasley. Defendant will overnight a check to Keasley at the address provided by EEOC counsel of record.

   ii. Defendant shall administer proper withholdings from the payment in Paragraph 4(b)(i) (representing lost wages and monetary benefits) for taxes and required employee contributions under FICA and shall issue to Keasley an Internal Revenue Service Form W-2 to reflect such payment.

   iii. $6,575.01 to Leroy Keasley. Defendant will overnight a check to Keasley at the address provided by EEOC counsel of record.

   iv. $6,575.01 to Lula Wright-Hill. Defendant will overnight a check to Wright-Hill at the address provided by EEOC counsel of record.

    v. The EEOC will forward completed, executed, and dated W-9 forms for Keasley and Wright-Hill to Defendant's counsel within sixty (60) days of the entry of the Decree.

    vi. Defendant shall issue Internal Revenue Service Form 1099's to Keasley and Wright-Hill reflecting the payments in Paragraphs 4(b)(iii)-(iv) of the monetary settlement.

5. Within forty-five (45) days from the date of entry of the Decree, Defendant will provide at least three (3) hours of in-person training for all management and/or any other Coatesville Chicken's employees involved in the receipt of applications, the screening and interviewing of applicants, and selection of successful applicants. The training will promote Defendant's compliance with federal anti-discrimination laws, with an emphasis on the ADEA and Coatesville Chicken's duty not to engage in age-based discrimination. The training will also emphasize the anti-retaliation provisions of federal EEO law. Training will be led by an attorney experienced in ADEA law, chosen by Defendant, agreed to by the EEOC, and approved by the Court. Within ten (10) days of the training's completion, Defendant will provide certification to the Commission's counsel of record that such training has occurred, including the date(s), time(s), and location(s) of the training, and the identities of all trainers and attendees.

6. Within thirty (30) days from the date of entry of the Decree, Defendant will implement and disseminate to all existing employees, and begin disseminating to all applicants and new hires, an anti-discrimination policy, which has been reviewed by the EEOC prior to the entry of this Decree. Within ten (10) days of the implementation and dissemination of this policy, Defendant will provide certification to the Commission's counsel of record that the same has occurred, as well as a copy of the disseminated policy.

7. Within ten (10) days from the date of entry of this Decree, Defendant will post in all places where notices to employees customarily are posted at its facilities, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the life of the Consent Decree at Coatesville Chicken and shall be signed by a responsible management official with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within ten (10) days of completion of the required posting, Defendant shall forward to the EEOC's attorney of record a copy of the signed Notice attached hereto and written certification that the Notice referenced herein has been posted as required and a statement of the locations and date(s) of posting.

8. Within thirty (30) days from the date of entry of the Decree, Defendant will revise their employment application to remove language requiring applicants to state their age or provide a date of birth.

9. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

10. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to filing any such motion, the Commission shall notify the Defendant, in writing, through counsel, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen calendar (15) days to either correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance in writing. Nothing in this provision shall constitute a waiver by the Commission of its right to enforce this Consent Decree, including claims of any harm occurring prior to the

curing of any violation(s) or from the failure or inadequacy of Defendant's cure violation(s). Further, this provision shall not apply, and the Commission shall not be subject to any notice requirement or notice period, in situations where the Commission believes in good faith that a violation of the Decree has occurred and that any delay in seeking enforcement of the Decree and/or relief may result in irreparable harm.

11. Each party shall bear its own court costs and attorneys' fees.

[SPACE LEFT BLANK]

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

Nazif Rahmani
President

Authorized corporate representative for Defendant

Dated: 01/15/2016

Jennifer J. Hanlin
Fox Rothschild LLP
747 Constitution Drive, Suite 100
Exton, PA 19341

COUNSEL FOR DEFENDANT

FOR PLAINTIFF:

Debra M. Lawrence
Regional Attorney

Maria Luisa Morocco
Supervisory Trial Attorney
EEOC Washington Field Office

Jennifer L. Hope
Senior Trial Attorney
EEOC Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107

COUNSEL FOR PLAINTIFF

SO ORDERED.

Signed and entered this _____ day of January 2016.

Hon. Paul S. Diamond
United States District Court Judge

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507

## NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND POPEYES

Coatesville Chicken, LLC d/b/a Popeyes Louisiana Kitchen ("Popeyes") is fully committed to maintaining a workplace where all applicants and employees are free from illegal discrimination, including discrimination based on age, and retaliation, as is recognized by Popeyes' employment policies and required by federal law, including the Age Discrimination in Employment Act of 1967 ("ADEA"). The ADEA prohibits Popeyes from making any decisions about employment (such as hiring, promotion, compensation, discipline, etc.) based on an employee's or applicant's age.

**We want you to know that:**

(1) We are 100% dedicated to upholding the law and our policies.

(2) We WILL NOT discriminate or tolerate any harassment or discrimination against employees or applicants on any impermissible basis, including age.

(3) We WILL NOT make personnel decisions with regard to age.

(4) We WILL NOT retaliate against any employee or applicant because that individual complained about discrimination.

(5) If you feel that you are the victim of illegal discrimination or retaliation, you should contact the U.S. Equal Employment Opportunity Commission at www.eeoc.gov or 1-800-669-4000.

(6) If you have any questions about employment discrimination or retaliation, you should contact the U.S. Equal Employment Opportunity Commission at www.eeoc.gov or 1-800-669-4000.

COATESVILLE CHICKEN, LLC

Dated: _____      By: _____

Title: _____